## STATE ex KRIEG v BOARD OF ELECTIONS OF CUYAHOGA CO. et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18498. Decided Oct 6, 1941

Harrison & Marshman, Cleveland, and Charles N. Krieg, Cleveland, for relator.

Frank T. Cullitan, Cleveland, and Saul S. Danaceau, Cleveland, for respondents.

## OPINION

By MORGAN, J.

The plaintiff is a Cleveland lawyer and filed his petition in this court seeking a writ of mandamus to compel the defendants as members of the Board of Elections of Cuyahoga County to place Relator's name upon the ballot as a candidate for the office of Judge of the Municipal Court of Cleveland, in the municipal elections to be held in November, 1941, for the term beginning January 5, 1942.

The case was tried on the pleadings and an agreed statement of facts.

Sec. 1579-5 GC, was amended in 1937 to provide for the election of judges of the Municipal Court of Cleveland by the alley system. The said section contains the provision that,

"five Municipal Court judges shall be elected in 1941 whose terms are to begin January 1st, 2nd, 3rd, 4th and 5th, 1942, respectively."

Sec. 1579-2 GC, until amended by the last General Assembly, provided that the Municipal Court of Cleveland should consist of sixteen judges. The amended §1579-2 GC, is as follows:

"Sec. 1579-2. (Number of Judges; qualifications, vacancies, certain; not to be filled, offices abolished).

The Municipal Court shall consist of sixteen judges, * * * . Provided, however, anything contained in §1579-5 GC, to the contrary notwithstanding, that the first two vacancies in the office of Judge of said court, excluding the office of Chief Justice, which exist or occur after the effective date of this act due to the death, resignation or removal from office, or otherwise, than by the expiration of the term of office of any judge, shall not be filled and the

offices and terms of office of the judges holding the same in which such vacancies respectively occur are hereby abolished as of the day when such vacancies occur, and thereafter, said municipal court shall consist of fourteen judges; provided, further, that if any such vacancy shall occur in the case of any incumbent judge, whose term would have expired prior to January 6, 1942, any judicial term provided for by §1579-5 GC, not selected by other incumbents, seeking re-election at the November, 1941, election, shall ipso facto be abolished."

Judge Copland, one of the judges of the Municipal Court of Cleveland, resigned and his resignation became effective on April 1, 1941. The vacancy was not filled by the Governor and was in existence when the amendment to §1579-2 GC, became effective on July 9, 1941.

Later in September, 1941, Judge Stacel of the Municipal Court died, leaving two vacancies. Under §1579-2 GC, as amended, these two vacancies are not to be filled, and the said "offices and terms of office" have been abolished and the condition has occurred under which by §1579-2 GC, the "said Municipal Court shall consist of fourteen judges". It is clear, therefore, that on the day of the death of Judge Stacel, in September, 1941, by the operation of said section, the number of judges of the Cleveland Municipal Court was reduced to fourteen.

Judge Copland was one of the judges whose term of office would expire prior to January 6, 1942. Accordingly, if he had not resigned, his successor would be elected at the next November election as one of the five judges then to be elected. Inasmuch as his term of office has been abolished, and the number of judges of the court reduced to fourteen, there are only four municipal judges to be elected at the next November election.

The last provision in §1579-2 GC, as amended, attempts to take care of this situation by providing that "any judicial term provided for by §1579-5 GC, not selected by other incumbents seeking re-election at the November, 1941, election, shall ipso facto be abolished." The four incumbent judges have filed their petitions for re-election; Judge Grossman for the term beginning January 1, 1942; Judge Kovachy for the term beginning January 2, 1942; Judge Westropp for the term beginning January 3, 1942; and, Judge Silbert for the term beginning January 4, 1942. The term beginning January 5, 1942, provided for by §1579-5 GC, was not selected by any incumbent and therefore this term, by the provisions of §1579-2 GC, as amended, "is ipso facto abolished".

The relator has filed his nominating petition containing more than the required number of signatures with the Board of Elections for the term beginning January 5. 1942. His petition in this case alleges that the "said final proviso of amended §1579-2 GC" is unconstitutional because it contravenes **Art. I, §2, and Art. II, §26 of the Constitution of Ohio**, and that, therefore, the term beginning January 5, 1942, has not been abolished.

No other candidate attempted to file for the term beginning January 5, 1942. Furthermore, it was open to the relator to file for any one of the four vacancies selected by the incumbent judges, so that it cannot be said that the relator has been deprived by the action of the Board of Elections of his right to become a candidate for Municipal Judge at the November elections.

In the view that we take of this case, it is not necessary to consider or, pass upon the question of the constitutionality of the last proviso of §1579-2 GC as amended. Relator's petition makes no claim that §1579-2 GC, as a whole is unconstitutional. The petition contains no allegation that the part of §1579-2 GC, is unconstitutional, which provides that on the death or resignation of two of the judges of the Municipal Court, the number of judges of said court shall be fourteen. Even if such claim were made in the petition it would have no merit as it was quite within the power of the legislature to

reduce the number of judges of the court from sixteen to fourteen on the death or resignation of two of the judges. It is as clear as anything can be that the number of judges of the Municipal Court of Cleveland is now fourteen and there is no provision in the law by which this number is to be increased.

If the prayer of the relator's petition were to be granted, and his name be placed on the ballot for the term beginning January 5, 1942, then the electors of Cleveland would elect five municipal judges at the coming November election. When elected, the number of judges of the Court would then be fifteen instead of fourteen as at present. There is no authority in law for this Court to issue an order which would have this effect.

The allegations of the relator's petition in reality constitute an attack upon the legality of the method provided by the legislature for the election of the four municipal judges to be elected at the November election. By casting doubt on the validity of the election, the relator does nothing to establish his claim for a place on the ballot.

For the reasons stated the writ must be denied.

LIEGHLEY, PJ., SKEEL, J., concur.